UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THEODORE JUSTICE, <br><br> Plaintiff, <br><br> v. <br><br> STELLANTIS FINANCIAL SERVICES US CORP, *et al.*, <br><br> Defendants. | Case No. 25-cv-12791 <br> Honorable Denise Page Hood <br> Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND GRANTING PLAINTIFF'S MOTION TO SEAL**
**(ECF NOS. 44, 45)**

## I.    Introduction

Plaintiff Theodore Justice, proceeding pro se, brings this action against Defendants Stellantis Financial Services US Corp; FCA US, LLC; and Peritus Portfolio Services II, LLC.  ECF No. 6.  Justice moves for leave to amend his complaint and to seal limited portions of the proposed amended complaint (PAC).  ECF No. 44; ECF No. 45.  The Honorable Denise Page Hood referred the motions to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A).  ECF No. 54.  The Court

**GRANTS IN PART AND DENIES IN PART** Justice's motion to amend and **GRANTS** his motion to seal.

## II.    Background

The facts alleged in Justice's complaint are accepted as true for resolving his motions.  In March 2023, Justice bought a truck manufactured by FCA and financed it with a loan from Stellantis and serviced by Peritus. ECF No. 6, PageID.25.  Justice made timely and complete payments through August 2025.  *Id.*  In August 2025, Justice had an ongoing dispute with FCA about warranty remedies for alleged vehicle defects and filed a complaint with the Consumer Financial Protection Bureau (CFPB) about warranty and financing issues.  *Id.*, PageID.26.  The next day, Stellantis and Peritus began furnishing false credit information about Justice to credit reporting agencies (CRAs).  *Id.*  Specifically, Stellantis and Peritus falsely reported his account 30 days past due despite records showing that he had no past due balance.  *Id.*, PageID.27.  Justice disputed this information with the CRAs, which in turn alerted Stellantis and Peritus.  *Id.*, PageID.27-28. Yet Stellantis and Peritus failed to reasonably investigate the alleged inaccuracies.  *Id.*, PageID.28.

The operative complaint claims that Stellantis and Peritus violated the Fair Credit Reporting Act (FCRA) (Count I) and that FCA violated the

Magnuson-Moss Warranty Act (Count II) and breached the implied warranty of merchantability (Count III).  *Id.*, PageID.29-32.  Justice and FCA stipulated to dismissal of Counts II and III.  ECF No. 27; ECF No. 33.  Justice seeks to amend his complaint to omit the claims against FCA and to add allegations to clarify his claims against Peritus.  ECF No. 45.  FCA and Stellantis do not oppose Justice's motion to amend, but Peritus does.  *Id.*, PageID.361-362.

### III.    Analysis

### A.

Rule 15(a)(2) states that leave to amend should be freely given "when justice so requires."  But a motion to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (cleaned up).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

3

plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court

explained, "[a] claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Id.*  The complaint's

allegations "must do more than create speculation or suspicion of a legally

cognizable cause of action; they must show *entitlement* to relief."  *League

of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir.

2007).

In deciding whether a plaintiff has set forth a plausible claim, the

Court must construe the complaint in the light most favorable to the plaintiff

and accept as true all well-pleaded factual allegations.  *Iqbal*, 556 U.S. at

678.  But "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice," *id.*, and the

Court has no duty to create a claim not spelled out in the pleadings,

*Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865,

871 n.4 (6th Cir. 2007).  Pleadings filed by pro se litigants are entitled to a

more liberal reading than would be afforded to formal pleadings drafted by

lawyers, but such complaints still must plead a plausible claim for relief.

*Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012);

*Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

**B.**

As explained above, Justice seeks to amend his complaint to omit Counts II and III, the claims against FCA that were dismissed from the action.  ECF No. 45, PageID.362.  FCA does not oppose this amendment.  *Id.*, PageID.361.  Because these amendments simply reflect the current posture of the case, they are proper.

The PAC also elaborates on Peritus's role in furnishing inaccurate credit information.  Justice alleges that he submitted his payments to Peritus but that Peritus did not timely transmit his payment status to Stellantis.  ECF No. 45-1, PageID.372.  Stellantis assessed late fees in July and August 2025 and reported to the CRAs that the loan was delinquent.  *Id.*, PageID.373.  Justice disputed the delinquency with the CFPB and the CRAs, and the CRAs informed defendants of the dispute.  *Id.*, PageID.375, 377.  Stellantis obtained Justice's payment history from Peritus and learned that he made payments in June, July, and August 2025 and was current on his loan.  *Id.*, PageID.375.  Thus, Justice alleges that "Peritus is the originating source of the payment data that Stellantis reports to [CRAs]," and seeks to hold it liable for violating its obligations under 15 U.S.C.

5

§ 1681s-2(b)(1) to investigate and remedy disputed information.  *Id.*, PageID.374.

The FCRA "outlines various responsibilities of 'furnishers of information to consumer reporting agencies,'" and was "designed to prevent 'furnishers of information' from spreading inaccurate consumer-credit information."  *Pittman v. Experian Info. Solutions, Inc.*, 901 F.3d 619 (6th Cir. 2018).  The Act prohibits a person from "furnish[ing] any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."  15 U.S.C. § 1681s-2(a)(1)(A).  "After receiving notice [from a CRA] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall," among other steps, "conduct an investigation with respect to the disputed information."  *Id.* § 1681s-2(b)(1).  No private cause of action arises under the FCRA for a furnisher's violation of its duty to report accurate information, but a consumer may bring suit for a furnisher's failure to reasonably investigate a dispute.  *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012) ("[Section] 1681s-2(c) expressly precludes consumers from enforcing the requirement that furnishers, under § 1681s-

6

2(a), initially provide complete and accurate consumer information to a CRA." (cleaned up)).

The duties under § 1681s-2(b)(1) apply only to "furnishers" of information. *Lloyd v. Midland Funding, LLC*, 639 F. App'x 301, 305 (6th Cir. 2016). And the subsection applies only when a furnisher receives notice of a dispute about the "accuracy of any information" the furnisher provided "*to a consumer reporting agency*." 15 U.S.C. § 1681s-2(b)(1) (emphasis added). "Furnisher" is defined in the regulations as "an entity that furnishes information relating to consumers *to one or more consumer reporting agencies* for inclusion in a consumer report." 12 C.F.R. § 1022.41(c) (emphasis added).

Justice does not allege that Peritus provided inaccurate information directly to CRAs but that it provided inaccurate information to Stellantis, which reported it to the CRAs. Because Stellantis, not Peritus, allegedly reported the inaccurate information to the CRAs, Peritus is not a "furnisher" that can be sued under § 1681s-2. *See Williams v. Capital One Bank (USA), N.A.*, No. 5:17-CV-01216, 2018 WL 317712, at *11 (N.D. Ala. Jan. 8, 2018) ("Because LexisNexis, and not Capital One, provided Equifax with the information about Capital One's judgment against plaintiff, Capital One cannot be considered a "furnisher of information" for the purposes of

plaintiff's FCRA claim."); *Donohue v. C. Blosenski Disposal Co.*, No. 05-5356, 2006 WL 3423888, at *1 (E.D. Pa. Nov. 28, 2006) (holding that the plaintiff failed to state an FCRA claim because the defendant provided information about a past due debt to a collection agency, not a consumer reporting agency).

In *Lloyd*, for example, the plaintiff's credit card servicer sued her in state court for an outstanding debt. 639 F. App'x at 303. The parties settled the lawsuit, but because the servicer inadvertently failed to dismiss the action, the state court entered a default judgment against the plaintiff. *Id.* The judgment later appeared on the plaintiff's credit report. *Id.* The plaintiff disputed the judgment with her servicer, which successfully moved to set it aside. *Id.* The servicer had not reported the judgment and instead informed the CRAs that the plaintiff's account was settled. *Id.* The plaintiff notified the CRAs that the state court had vacated the judgment, and it was removed from her credit reports. *Id.* The plaintiff then sued the servicer in federal court for violating the FCRA. *Id.* at 304. The Sixth Circuit held that the servicer was not a "furnisher" under the FCRA—although it filed the

8

lawsuit that gave rise to the judgment against the plaintiff, it never reported the judgment to a CRA. *Id.* at 305.

Because Peritus is not a "furnisher" and cannot be held liable under § 1681s-2(b)(1), the FCRA claim advanced against Peritus in the PAC is futile. Justice's motion to amend is **GRANTED IN PART AND DENIED IN PART**. He may amend his complaint to eliminate his claims against FCA, but he may not amend his FCRA pleadings against Peritus.

**C.**

In *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, the Sixth Circuit emphasized the movant's burden for overcoming the strong presumption that records filed with the court be done so openly. 825 F.3d 299, 305 (6th Cir. 2016). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). Thus, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983).

The moving party must meet this heavy burden even if no party objects, and with a "document-by-document, line-by-line" showing "that specific information in the court record meets the demanding requirements

for a seal." *Shane Grp.*, 825 F.3d at 308.  The order to seal must be narrowly tailored to serve the compelling reason for the seal.  *See, e.g.*, *Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11 (1984).  The moving party must also adhere to the procedures outlined in Local Rue 5.3(b)(3).

A review of the motion and exhibits shows that Justice substantially complied with Local Rule 5.3(b)(3) and that compelling reason justifies sealing the documents.  Justice seeks to redact references in the PAC to personal identifying information limited to: (1) his vehicle identification number, (2) his loan account number, and (3) payment reference numbers and transaction identification numbers.  ECF No. 44, PageID.323-324. Although Justice does not indicate whether defendants oppose redacting this information, they did not file responses opposing the motion.

The Court agrees that Justice has a compelling interest in maintaining the confidentiality of the personal identifying information listed above.  *See* Fed. R. Civ. P. 5.2 (requiring redaction of "an individual's social-security number, taxpayer-identification number, or…financial-account number").  Other courts have recognized that protecting such information is a compelling interest that can support sealing court documents.  *See Doe v. Hammond*, No. 24-11490, 2026 WL 120843, at *2

10

(E.D. Mich. Jan. 16, 2026) (authorizing redaction of the plaintiff's personal identifying information and account or credit card numbers); *Rooks v. Rushmore Servicing*, No. 23-12986, 2026 WL 37679, at *5 (E.D. Mich. Jan. 6, 2026) (authorizing redaction of a mortgage account number); *Weidman v. Ford Motor Co.*, No. 18-cv-12719, 2022 WL 992964, at *3 (E.D. Mich. Mar. 31, 2022) (authorizing redaction of VINs).  The request to seal is also narrowly tailored to protect the sensitive information—the redacted material encompasses only the information referenced above.  ECF No. 44-1.

Thus, the Court **GRANTS** plaintiffs' motion to seal.  The unredacted versions of the PAC (ECF No. 44-2 and ECF No. 45-1) are to be sealed.

## IV.   Conclusion

The Court **GRANTS IN PART AND DENIES IN PART** Justice's motion to amend (ECF No. 44) and **GRANTS** his motion to seal (ECF No. 45).  Justice may file an amended complaint eliminating his claims against FCA by **May 29, 2026**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: May 14, 2026

11

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 14, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager

12